FILED

**NOT FOR PUBLICATION**

SEP 14 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MICHAEL L. MACKIN and
JEANNETTE MACKIN, husband and
wife; WESLEY L. DELANEY and
MARGARET E. DELANEY, husband and
wife; WAYNE NASH and NANCY
NASH, husband and wife; SUSAN CLIFF;
GERALD FRANK and PATRICIA M.
FRANK, husband and wife; CHARLES S.
WILKE and SHIRLEY M. WILKE,
husband and wife; RICHARD BARCLAY
and NONA BARCLAY, husband and
wife; DAWN C. KETTEL,

      Plaintiffs - Appellants,

  v.

CITY OF COEUR D'ALENE,

      Defendant - Appellee.

No. 08-35368

D.C. No. 2:06-cv-00430-EJL-
MHW

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted September 2, 2009[**]
Seattle, Washington

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

In this 42 U.S.C. § 1983 takings action, Plaintiffs Mackin, Delaney, Nash, Cliff, Frank, Wilke, Barclay, and Kettel ("the Homeowners") appeal the summary judgment grant in favor of the City of Coeur d'Alene ("the City"). In a prior quiet title action, the City sought declaratory relief and a preliminary injunction to establish the ordinary high water mark of the Lake Coeur d'Alene, which under state law serves as the boundary between the Homeowners' property and the state-owned beach. The Homeowners argue that they are entitled to compensation for a temporary partial loss of their property occurring during the five months a court-ordered preliminary injunction was in effect.

The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. CONST. amend. V. This clause prohibits "[g]overnment from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Penn. Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)). A plaintiff must make

---

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

a showing of causation between the government action and the alleged deprivation. *Esplanade Properties, LLC v. City of Seattle*, 307 F.3d 978, 984 (9th Cir. 2002). A plaintiff raising a takings claim "must establish both causation-in-fact and proximate causation." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 216 F.3d 764 (9th Cir. 2000), *aff'd*, 535 U.S. 302 (2002).

Here, the City is not liable under § 1983 for the effects of a preliminary injunction determining the scope of property ownership during the pendency of the trial. *See id*. The plaintiffs' alleged injury – the temporary taking of their private property – was the result of this preliminary injunction and not the result of any improper use of the governmental entity's own powers. The City did not exercise its own authority to take control over property in a manner necessary to constitute a taking.

Even if a city's decision to seek an injunction could ever constitute a taking, the district court did not err by concluding there was no physical taking nor regulatory taking here because the Homeowners did not suffer a permanent, physical occupation of the property, nor were they denied all economically viable use of the property. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322-23, 330 (2002).

**AFFIRMED**.